UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

GERMAINE GARCIA,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                               14-CV-2212 (MKB)
                        v.

D.A. KENNETH THOMPSON, ERIC T.
SCHNEIDERMAN, CHARLES J. HYNES, NICOLE
TARTAK, VIVIAN CEDENO, RICHA BHASIN,
ROBERT KAFTAL, BEULLE ROSS, PAMELA
ROSENSTOCK, DAVID SEAMAN, MICHAEL
BOUNDY, ALFRED DORMAN, DANNY CHUN,
MATHEW D'EMIC, BRUCE BALTER, MYRIAN
SYRULNIK, LAURENCE ROTHSTEIN, and
SUZANNE MONDO,

                        Defendants.

-----------------------------------------------------------------

GERMAINE GARCIA,

                        Plaintiff,                    14-CV-2213 (MKB)

                        v.

THE CITY OF NEW YORK and ATTORNEY AT
LAW DAVID SEAMAN,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On April 3, 2014, Plaintiff Germaine Garcia, currently incarcerated at Rikers Island Correctional Facility and proceeding *pro se*, commenced the above-captioned actions pursuant to 42 U.S.C. § 1983 against the City of New York, Attorney-at-Law David Seaman, District Attorney Kenneth Thompson, Eric T. Schneiderman, Nicole Tartak, Vivian Cedeno, Richa Bhassun and a myriad of other Defendants who are associated with Plaintiff's state criminal

proceeding. The Court grants Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and consolidates the Complaints solely for the purpose of this order. For the reasons set forth below, Plaintiff's Complaint in Docket No. 14-CV-2213 is dismissed as barred by the doctrine of *res judicata*. For the reasons set forth below, in Docket No. 14-CV-2212, Plaintiff is directed to supplement this Complaint as described below with a submission, not to exceed five pages, within 30 days of the date of this order, or the Complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Background

The above-captioned actions are Plaintiff's fourth and fifth lawsuits filed in this Court regarding his state court criminal case. *See Garcia v. City of New York et al.*, No. 12-CV-4655 ("*Garcia*, 12-CV-4655") (E.D.N.Y. Jan. 14, 2013) (dismissed for failure to state a claim upon which relief may be granted); *Garcia v. City of New York et al.*, No. 12-CV-5428 (E.D.N.Y. Nov. 16, 2012) (dismissed as duplicative); *Garcia v. City of New York et al.*, No. 13-CV-363 (E.D.N.Y. Jan. 25, 2013) (dismissed). The Court presumes familiarity with the orders entered in these prior actions.

In connection with the instant actions, Plaintiff submitted two voluminous Complaints, each approximately 300 pages in length, with numerous exhibits attached. Both Complaints concern Plaintiff's October 9, 2009 arrest, arraignment and subsequent proceedings in Kings County Criminal Court, as did Plaintiff's earlier complaints. Plaintiff appears to allege that the waiver of indictment in his criminal case was "illegal" as he did not sign the waiver in open court. (No. 14-CV-2212, Docket Entry No. 1, Compl. 51–52, 35; No. 14-CV-2213, Docket Entry No. 1, Compl. 20–21, 35.) Plaintiff also alleges that his defense counsel, David Seaman, took "part in fabricating documents that would be used as evidece [sic] . . . to benefit [Plaintiff's]

conviction . . . ," (No. 14-CV-2213, Compl. 36.), and that that the Assistant District Attorney failed to present "valid [d]ocumentary evidence . . . " to the grand jury, (*see* 14-CV-2212, Compl. 52–53, 21–22). Plaintiff seeks, *inter alia*, a stay of his state court criminal proceedings, compensatory damages and punitive damages. (14-CV-2212, Compl. 8; 14-CV-2213, Compl. 5.)

   II.   **Discussion**

       a. **Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines that it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### b. Complaint against defendants City of New York and David Seaman

Plaintiff's claims against the City of New York and Seaman are barred under the doctrine of *res judicata*. "Under the doctrine of *res judicata*, or claim prelusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *TechnoMarine SA v. Giftports, Inc.*, --- F.3d ---, ---, 2014 WL 3408570, at *3 (2d Cir. July 15, 2014) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)). Claim preclusion, or *res judicata*, applies if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine*, --- F.3d at ---, 2014 WL 3408570, at *3 (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). A district court may *sua sponte* raise the issue of *res judicata, see Rollock v. LaBarbera,* 383 F. App'x. 29, 30 (2d Cir. 2010), and the Second Circuit has held that *"res judicata* applies to *pro se* plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action," *Bey v. City of New York,* 454 F. App'x 1 (2d Cir. 2011).

Here, all three elements of *res judicata* are satisfied as to the Complaint against the City of New York and Seaman by the dismissal of *Garcia*, 12-CV-4655. First, *Garcia*, 12-CV-4655 was dismissed following an adjudication on the merits. *See* Judgment, *Garcia*, 12-CV-4655 (Docket Entry No. 7) (dismissing complaint for failure to state a claim upon which relief may be granted); Memorandum and Order dated January 14, 2013, *Garcia*, 12-CV-4655 (Docket Entry No. 6) (same). Second, both Defendants City of New York and David Seaman were named as defendants in that action. *See* Compl. 1, *Garcia*, 12-CV-4655 (Docket Entry No. 1). Finally, the

third element of *res judicata* has been met because the Complaint against the City of New York and Seaman arises out of the same controversy as that action — namely, Plaintiff's October 9, 2009 arrest, arraignment, and subsequent proceedings in state criminal court. Because Plaintiff has not alleged a new claim for relief against the City of New York or David Seaman, the Court dismisses the Complaint in Docket No. 14-CV-2213 as barred by the doctrine of *res judicata.*

### c. Defendants Hynes,[1] Thompson, Tartak, Bhasin and Cedeno

In his Complaint in Docket No. 14-CV-2212, Plaintiff alleges § 1983 claims against Defendants Hynes, Thompson, Tartak, Bhasin and Cedeno. These claims are also barred. As the Supreme Court and the Second Circuit have repeatedly recognized, prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (citations and internal quotation marks omitted)); *Warney v. Monroe Cnty.*, 587 F.3d 113, 120–21 (2d Cir. 2009); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983"); *see also Santulli v. Russello*, 519 F. App'x 706, 711 (2d. Cir. 2013) ("It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process.").

Plaintiff appears to allege that Defendants Hynes, Tartak, Bhasin and Cedeno are prosecutors who were involved in his state criminal proceeding. Plaintiff alleges that "District Attorney Hynes . . . failed to relate to all duties prescribed by the law," (14-CV-2212, Compl. 173), Assistant District Attorney Tartak "displayed fabricated evidence at [a] Grand Jury hearing

---

[1] The Court notes that Defendant Charles Hynes is the former District Attorney of Kings County, New York. He was replaced by Defendant Kenneth Thompson.

on . . . October 13, 2009 [and] did not possess valid [d]ocumentary evidence at the . . . hearing," and "Assistant District Attorney Vivian Cedeno and Assistant District Attorney Richa Bachin introduce[d] in open [c]ourt at [t]rial a certificate of an order of protection that was for an order of protection that [had] expired," (14-CV-2213, Compl. 38). Because Plaintiff's claims are predicated on these Defendants' alleged conduct in prosecuting and presenting the state's case against Plaintiff, these Defendants are entitled to absolute immunity. Accordingly, Plaintiff's claims against Hynes, Thompson, Tartak, Bhasin and Cedeno are also dismissed.[2]

### d. Remaining Defendants

Plaintiff's Complaint in Docket No. 14-CV-2212 also fails to state a claim for relief against the remaining Defendants.[3] As previously stated by the Court in its January 14, 2013 Memorandum and Order dismissing *Garcia*, 12-CV-4655, Plaintiff must allege two essential elements in order to maintain a § 1983 action. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see Filarksy v. Delia*, 566 U.S. ---, ---, 132 S. Ct. 1657, 1661 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United

---

[2] In *Garcia v. Thompson*, Plaintiff also names Attorney General Eric T. Schneiderman as a Defendant. (14-CV-2212, Compl. 3.) As Plaintiff alleges little to no information about Schneiderman, the Court reserves judgment as to the sufficiency of Plaintiff's claims against him until Plaintiff supplements his Complaint in Docket No. 14-CV-2212 with a five-page submission as directed by this Memorandum and Order, *see infra* Part II.d. However, to the extent that Plaintiff's claim against Schneiderman is predicated on actions taken within the scope of his prosecutorial duties, such a claim is also barred for the reasons set forth above.

[3] The remaining Defendants as alleged in *Garcia v. Thompson* are Eric T. Schneiderman, Robert Kaftal, Beulle Ross, Pamela Rosenstock, Michael Boundy, Alfred Dorfman, Danny Chun, Suzanne Mondo, Mathew D'Emic, Bruce Balter, Myrian Syrulnik, and Laurence Rothstein. (14-CV-2212, Compl. 4–6.)

States." *Pitchell*, 13 F.3d at 547; *see Isaacs v. City of New York*, No. 10-CV-4177, 2012 WL 314870, at *2 (E.D.N.Y. Feb. 1, 2012). "Section 1983 itself creates no substantive rights, it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Plaintiff fails to allege any information about the remaining Defendants or their purported conduct, including whether these Defendants were acting under the color of state law, the nature of their wrongful conduct and how the alleged conduct deprived Plaintiff of his federal rights. Plaintiff does not allege any facts from which the Court could infer that Plaintiff's alleged injuries were caused by these remaining Defendants. Thus, Plaintiff has failed to state a claim against these Defendants.[4]

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to supplement his Complaint in Docket No. 14-CV-2212 with a submission not to exceed five pages detailing his allegations against these remaining Defendants. The submission must include a short, plain statement of facts regarding the precise conduct by these Defendants that Plaintiff believes violated his federal rights and allege facts demonstrating that these Defendants were acting under the color of state law when they engaged in such conduct. Plaintiff's submission must also state the current status of his state criminal proceeding and must be filed within 30 days of the date of this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed until Plaintiff has complied with this order. If Plaintiff fails

---

[4] Additionally, to the extent Plaintiff's state criminal proceeding is still ongoing, the Court may abstain from entertaining the instant actions under *Younger v. Harris*, 401 U.S. 37 (1971). The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest in implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir. 1995).

to file a five-page submission within 30 days, the action in Docket No. 14-CV-2212 will be dismissed for the reasons outlined above.

### III. Conclusion

For the foregoing reasons, Plaintiff's Complaint in Docket No. 14-CV-2213 is dismissed. Plaintiff is granted 30 days from the date of this order to submit additional information regarding his Complaint in Docket No. 14-CV-2212 as specified above. Plaintiff is warned that he may not continue to bring duplicative actions. The Court warns Plaintiff that if he continues to do so the Court may enter an order barring the acceptance of any future complaints without first obtaining leave of the Court. 28 U.S.C. § 1651: *see e.g.*, *In re Martin–Trigona,* 9 F.3d 226, 227–29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: July 24, 2014
      Brooklyn, New York